IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Quiana Gray | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ABP Corporation (d/b/a Au Bon Pain), | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Quiana Gray, through her attorneys Hale & Monico, complains of Defendant ABP Corporation (d/b/a Au Bon Pain) and states:

### Introduction

1. This is an action under the Americans with Disabilities Act of 1990 and the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of physical injury. Defendant APB Corporation (d/b/a Au Bon Pain) discriminated against Plaintiff Quiana Gray – a qualified individual – when they refused her requests for reasonable accommodations.

### Parties

2. Plaintiff Quiana Gray is a resident of Chicago, Illinois.

3. Defendant ABP Corporation (doing business as Au Bon Pain) ("Au Bon Pain") has continuously been a foreign corporation doing business in the State of Illinois and the City of Chicago, and has continuously had at least 15 employees.

1

## Jurisdiction and Venue

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to 42 U.S.C. § 12117(a).

5. Venue is proper in this jurisdiction as the incident giving rise to this litigation occurred in Cook County, Illinois.

## Statement of Claims

6. In 2012, Plaintiff was hired by Au Bon Pain as an entry level worker.

7. Plaintiff worked at the Au Bon Pain located at Rush University Medical Center, at both the main location and the smaller kiosks located within the hospital.

8. Over the next seven years, Plaintiff worked her way up from the entry level position to being named as an associate manager.

9. In April 2019, Plaintiff slipped on spilled soup at one of the hospital's Au Bon Pain's locations.

10. Plaintiff went to the emergency department and was given pain medication.

11. After going through the worker's compensation process, Plaintiff was sent for pain management and was on FMLA leave due to the injuries to her back sustained as a result of the fall.

12. On or about July 23, Plaintiff received a letter from Au Bon Pain that demanded she return to work by July 25.

13. Plaintiff contacted Au Bon Pain and stated that she was not yet cleared to return to work.

14. Plaintiff went to her pain management doctor, who cleared Plaintiff to return to work but was given a medical restriction that stated Plaintiff could not push, pull, or lift anything over 15 pounds.

15. Plaintiff returned to work on or about August 17 and provided Au Bon Pain with a copy of the medical restriction.

16. Following her return to work, Plaintiff was assigned to one of the Au Bon Pain kiosks located in the hospital.

17. At the kiosks, there is typically only one employee present and that employee is responsible for all duties. These duties include lifting, pulling, and pulling items that are greater than 15 pounds.

18. Plaintiff complained to her supervisor that being the only employee assigned to the kiosk required her to complete tasks that violated her medical restrictions. On the other hand, being assigned to the main location at the hospital would permit Plaintiff to avoid having to perform tasks that would have violated her medical restrictions.

19. Despite her request to be assigned to the main location due to her medical restrictions, Au Bon Pain assigned Plaintiff to work at the kiosks. As a consequence, Plaintiff was forced to perform duties that violated her medical restrictions and exacerbated her back injury and pain.

20. Prior to her injury and subsequent FMLA leave, Plaintiff's primary shift was to open the store. Following her return, Plaintiff was changed to being a "floater" who had random shifts, both opening and closing.

21. As part of her medical treatment, Plaintiff was referred to complete physical therapy. The physical therapist only had hours that were Monday through Friday, ending at 5PM.

22. Plaintiff's new, random scheduling did not permit her to attend the physical therapy as her shift would end after the physical therapist was closed.

23. Plaintiff had informed her supervisor of her need to complete the physical therapy and that the closing shifts did not permit her to attend. Despite Plaintiff's requests to be scheduled so she could attend physical therapy, her supervisors continued to schedule her to closing shifts. As a consequence, Plaintiff was not able to complete the necessary physical therapy, which has led to continued back pain from her accident.

24. On or about November 20, 2019, Plaintiff left her employment at Au Bon Pain due to the conduct of her supervisor.

25. From the date of her return to work until the date she left her employment, Au Bon Pain denied Plaintiff reasonable accommodation requests in that they (1) forced Plaintiff to work in a situation that violated Plaintiff's medical restrictions and (2) failed to schedule Plaintiff to shifts that would permit Plaintiff to attend physical therapy.

26. During Plaintiff's approximately eight years of employment at Au Bon Pain, she was never disciplined and had excelled at her job. She was repeatedly promoted and given positive work evaluations. In short, Plaintiff was qualified to work for Au Bon Pain in her position as associate manager.

27. On April 19, 2020, Plaintiff filed a charge of discrimination with the EEOC and Illinois Department of Human Rights. On or about August 25, 2020, Plaintiff received a "right to sue" letter.

## Prayer for Relief

Wherefore, Plaintiff prays that the Court order such relief as is necessary to make Plaintiff whole, including:

A. Damages, according to the proofs;

B. Pain and Suffering damages due to the Defendant's willful conduct;

C. Attorneys' fees and costs; and

D. Any other such relief that is just.

## Jury Demand

Plaintiff demands a trial by jury.

> Respectfully submitted,
> */s/ Shawn W. Barnett*
> Attorney No. 6312312
> (312) 870-6905
> sbarnett@halemonico.com

Hale & Monico, LLC'
53 W. Jackson, Suite 337
Chicago, IL 60604
HaleMonico.com